PER CURIAM.
The appellant filed his notice of appeal in the Circuit Court of Sarasota County on October 28, 1966. In due course a certified copy, together with other papers, was transmitted to this Court and the appeal docketed here.
We conclude that the appellant was attempting to perfect an appeal to this Court from an order denying his motion for relief pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix and that he did not have counsel. Accordingly, we, on November 3, 1966, by order directed the trial court to determine whether the appellant was insolvent, and if so, to appoint counsel to represent him on this appeal.
Instead of complying with this order the Circuit Judge apparently assumed jurisdiction to review and determine the validity of our decision and entered the following order:
“This cause coming on before the Court upon an unsigned mandate requiring the trial court to determine whether or not the above named Appellant is insolvent for the purpose of this appeal and in the event the determination is that said Appellant is insolvent to appoint counsel to represent Appellant on this appeal and it appearing to the Court said mandate is ineffective and without force and a nullity until such time as it is indicated in said true copy that said mandate bears the required signatures of the requisite members of the Court of Appeals,
“It is, therefore, ORDERED AND ADJUDGED that action on said mandate be and the same is held in abeyance until such time as the trial court is directed by proper mandate to proceed in this cause.”
 The orders of this Court, as distinguished from opinions, are not ordinarily signed by the participating judges nor do their names appear thereon. Under the circumstances here, we do not feel constrained to detail the procedure followed by us in arriving at judicial decisions or the preparation and filing of opinions, orders and judgments of the Court. Suffice it to say that our order of November 3, 1966, *232 is the judicial act of this Court as reflected by the official minutes and remains a valid order until such time as it may be vacated, quashed or reversed by a court of competent jurisdiction. The Circuit Court is not clothed with such jurisdiction.
In view of the foregoing we assume that no further order or process will be required.
ALLEN, C. J., and LILES and HOB-SON, JJ., concur.